UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

BRONQUIVIUS BRONSHAY GRAY,

Petitioner,

v.

TAYLOR, Warden,

Respondent.

Civil Action No. 6: 26-304-KKC

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Federal inmate Bronquivius Bronshay Gray has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

Following his guilty plea to being a felon in possession of a firearm, in April 2024 a federal court in Texas sentenced Gray to 87 months imprisonment for violating 18 U.S.C. § 922(g)(1). *United States v. Gray*, No. 6:22-CR-86-JCB-JDL (E.D. Tex. 2022), [R. 50 therein]. Gray now contends that in 2018 the United States Supreme Court held Section 922(g) to be unconstitutional, rendering his own conviction and sentence invalid. *See* [R. 1 at 5]; *see also Gray v. Taylor*, No. 6:26-CV-266-SCM (E.D. Ky. 2026), [R. 1 therein].

The Supreme Court has made clear that such claims may not be asserted in a § 2241 petition, *see Jones v. Hendrix*, 599 U.S. 465, 476 (2023), particularly when predicated upon decisions that pre-date his conviction and sentence. That is doubly so for Gray, who expressly waived his right to appeal or collaterally attack his conviction. *See Gray*, [R. 35 therein at 5] Such waivers foreclose Gray's invocation of § 2241 here. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022).

Accordingly, it is **ORDERED** as follows:

1. The petition, [R. 1], is **DENIED**.

2. This matter is **STRICKEN** from the docket.

Entered: November 3, 2026.

**Signed By:**

***Karen K. Caldwell*** KKC

**United States District Judge**